UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOUSSA U'NFU DIARRA,

                  Plaintiff,

-against-

SOCIAL SECURITY ADMINISTRATION,

                  Defendant.

24-CV-5279 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently detained in the Cobb County Jail in Marietta, Georgia, filed this action *pro se*. Because he did not pay the fees to bring this action, the Court understands that he is requesting to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Plaintiff is barred, however, from filing any new action IFP while he is a prisoner. *See Diarra v. Trump*, No. 21-CV-0287, ECF (M.D. Ga. Aug. 13, 2021) (identifying at least three actions filed by Plaintiff that were dismissed as frivolous).[1] That order relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

    Although Plaintiff has filed this new action and seeks IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[2] Instead, Plaintiff seeks a writ of

---

[1] The Northern District of Georgia recently noted that Plaintiff has "clog[ged]" that court by filing fifty-five frivolous cases there, and warned him that "his further abuse of the judicial process and waste of judicial resources will result in more harsh sanctions such as an outright ban on his filings." *Diarra v. Bell*, No. 24-CV-0679, 2024 WL 1477635, at *1 (N.D. Ga. Feb. 16, 2024).

[2] A danger "that has dissipated by the time a complaint is filed," *Pettus v. Morgenthau*,

mandamus directing the Social Security Administration to investigate his claim that he has been the victim of identity theft. (ECF 1 at 2-3.) Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and dismisses the complaint without prejudice under the PLRA's "three-strikes" rule.[3] *See* 28 U.S.C. § 1915(g). Plaintiff remains barred from filing any future action IFP while he is in custody unless he is under imminent threat of serious physical injury.[4] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   August 13, 2024
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge

---

554 F.3d 293, 296 (2d Cir. 2009) is not an imminent one; rather, the danger must be one "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

[3] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[4] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fees are paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).